IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY L. BRADLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-204J |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of July, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 22) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 19) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for benefits on March 29, 2006, alleging a disability onset date of November 14, 2005, due to depression, fibromyalgia, a sleep disorder, restless leg syndrome, fatigue and possible lupus. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on June 14, 2007, at which plaintiff, represented by counsel, appeared and testified. On July 20, 2007, the ALJ issued a decision finding that plaintiff is not disabled. On June 27, 2008, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 41 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). She has at least a high school education. Plaintiff has past relevant work experience as a licensed practical nurse, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the

Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of fibromyalgia, headaches and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed 20 C.F.R., Part 404, Subpart P, Appendix 1.

The ALJ also found that plaintiff retains the residual functional capacity for work at the medium exertional level but with certain restrictions recognizing the limiting effects of her impairments. (R. 18). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity at the medium, light and sedentary exertional levels.[1] Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The

---

[1] Specifically, the vocational expert identified stock and inventory clerk at the medium exertional level; private house cleaner and child care worker at the light exertional level, and final assembler, escort vehicle driver and ticket checker at the sedentary exertional level. (R. 22).

impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's findings: (1) the ALJ improperly analyzed the medical evidence by failing to give appropriate weight to opinions from treating sources; and, (2) the ALJ's hypothetical to the vocational expert failed to account for all of plaintiff's limitations arising from her impairments. Upon a review of the record, the court finds that

---

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §404.1520a.

all of the ALJ's findings and conclusions are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence by erroneously failing to consider or give controlling weight to certain opinions of her treating sources. Specifically, plaintiff points to: (1) several reports from her treating physician, Dr. Warren, in which Dr. Warren found marked restrictions in plaintiff's activities of daily living and social functioning and concentration, (R. 287), suggested that plaintiff's work capacity is "none," (R. 288), and concluded that plaintiff was "unable to work" and opined that plaintiff could never lift more than 10 pounds and could only stand and walk for less than 2 hours and sit for less than 6 hours in an 8-hour workday, and also could never perform certain postural movements. (R. 255-258); and, (2) two reports from psychiatrist Dr. Singerman who opined that plaintiff was unable to work (R. 250) and that she was markedly restricted in her activities of daily living and social functioning and that she had concentration deficiencies. (R. 249). After reviewing the record, the court is satisfied that the ALJ's evaluation of the foregoing medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment

is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. The ALJ expressly addressed both Dr. Warren's opinion and Dr. Singerman's and explained why she did not give those opinions significant weight. In particular, the ALJ noted that Dr. Warren's own treatment notes fail to support his conclusions as he recorded that plaintiff's physical examinations were unremarkable and he also noted improvement with medication and physical therapy. (R. 19). In addition, as the Commissioner aptly notes, Dr. Warren's restrictions are not supported by the other evidence of record, including the treatment notes from plaintiff's physical therapy, the medical records and findings from Dr. Savit, Dr. Khaleghi and Dr. Nassr, and plaintiff's own testimony as to her activities.

Likewise, the ALJ adequately explained her rationale for giving little weight to Dr. Singerman's opinion that plaintiff is unable to work. (R. 20). The ALJ noted that Dr. Singerman's opinion was not supported by plaintiff's psychiatric treatment

record, which consisted primarily of therapy for domestic relationships, and was not consistent with plaintiff's own self-reported activities. (R. 23).

The record clearly supports the ALJ's evaluation of the foregoing medical evidence. First, the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §404.1527(e); SSR 96-5p. Here, based upon her review of the entire record, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing any substantial gainful activity as suggested by Dr. Warren and Dr. Singerman. Because those opinions are not supported by the objective medical evidence and are inconsistent with other substantial evidence in the record, including their own findings, the ALJ did not err in not giving those opinions controlling, or even significant, weight. 20 C.F.R. §404.1527(d); SSR 96-2p.

In sum, the ALJ did a thorough job in her decision in setting forth the relevant medical evidence and explaining why she rejected or discounted any evidence. (R. 19-20). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff also argues that the ALJ erroneously relied upon the vocational expert's response to a hypothetical which did not take into account all of plaintiff's impairments and limitations. Specifically, plaintiff contends that the ALJ's hypothetical

should have incorporated the additional physical limitations as set forth in Dr. Warren's report, as well as additional limitations as to attention and concentration as reflected in plaintiff's GAF scores.

A hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the ALJ properly relied upon the vocational expert's response to a hypothetical based upon the ALJ's residual functional capacity finding which did account for all of plaintiff's impairments and limitations <u>supported by the record</u>, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's step 5 finding.

Furthermore, the ALJ did not err in rejecting the additional limitations contained in a hypothetical to the vocational expert posited by plaintiff's attorney. First, as to the additional physical limitations advanced by Dr. Warren, as already discussed above, the record as a whole does not support those limitations. The court is satisfied that the ALJ's residual functional capacity finding and the ALJ's hypothetical to the vocational expert based on that finding account for all of plaintiff's physical limitations as supported by the record.

As to plaintiff's other argument, the court notes initially that the ALJ's residual functional capacity finding in fact does account for plaintiff's attention and concentration deficits by limiting plaintiff to "simple, routine, repetitive tasks, not

performed in a fast-paced production environment, involving only simple, work-related decisions and, in general, relatively few work place changes." (R. 18). Any additional limitations that plaintiff may have advanced based on Dr. Singerman's report are not supported by the record.

Moreover, additional limitations are not warranted based on plaintiff's GAF scores. The use of the GAF scale, which considers psychological, social and occupational functioning on a hypothetical continuum of mental health,[3] is not endorsed by the Social Security Administration because its scores do not have a direct correlation to the disability requirements and standards of the Act. See 65 Fed.Reg. 50746, 50764-65 (2000). Instead, the ALJ is to consider the clinical findings contained in the narrative reports of medical sources, and is to weigh that evidence under the standards set forth in the regulations for evaluating medical opinion evidence, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d). The ALJ did so here and the court is satisfied that the ALJ properly evaluated plaintiff's mental health impairments and their impact on her ability to perform sustained work activity. (R. 22).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of

---

[3]. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994).

- 9 -

the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*/s/ Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Jennifer Modell, Esq.
    Berger & Green, P.C.
    5850 Ellsworth Ave., Suite 200
    Pittsburgh, PA 15232

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901

✤AO 72
(Rev. 8/82)

- 10 -